Haweins, J.,
delivered the opinion of the Court.
This suit was instituted before a Justice of the Peace for the County of Bedford, by Allison against *415 Barrow, upon account. The Justice rendered a judgment, in favor of the plaintiff, for $210.02. From this judgment the defendant appealed to the Circuit Court, in which a trial was had, resulting in a verdict and judgment in favor of the defendant, for the sum of $382.20. A motion for a pew trial was made and overruled, and an appeal in error prosecuted to this Court.
The facts necessary to be stated are briefly these: Upon the trial of the cause, the plaintiff proved his account against the defendant; and/ • thereupon, the defendant offered and read, in evidence, by way of set-off against the plaintiff’s demand, a note, executed by the plaintiff to the defendant, for five hundred dollars.
Thereupon the plaintiff offered to prove, by one Mrs. Winsett, that she heard the wife of the defendant say, in the presence of the defendant, that the plaintiff had paid said note.
The testimony was objected to by the defendant, and the objection was sustained by the Court, upon the ground, as it is stated in the bill of exceptions, that the statements of the wife, although made in the presence of the husband, cannot be given in evidence against him. In thus totally excluding from the jury, evidence of the statements of the wife in the presence of the husband, we think His Honor, the Circuit Judge, erred.
■ It is conceded, in argument, that the wife cannot be a witness against the husband, and that, generally, *416 her statements, in his absence, cannot he given in evidence against him.
Phillips on Ev., 31, says: “ A discourse between husband and wife, in the presence of a third person, may be given in evidence against the husband, like any other conversation in which he may have been concerned.”
This question came directly before this Court, in the case of Queener vs. Morrow, 1 Coldwell, 123, in which it was held, the statements of the wife were admissible. Judge McKinney, in delivering the opinion of the Court, after quoting the rule as stated above, says: “ This must necessarily be so, and the general rule, which excludes the wife from being a witness against her husband, is not infringed in its spirit, in such case.”
The object of the testimony, in this case, is to show that the defendant admitted the note had been paid. Admissions may be explicit, and solemn or implied, from the acquiesence, silence, or conduct of the party.
“The statements of the wife, in the presence of the husband, are not to be received or treated as evidence against the husband, but merely as inducement to the responsive admissions, declarations, or acts of the husband at the time. Except for this purpose, the statements of the wife are of no effect;” and we are unable to perceive why the admissions of the husband to the wife, either explicit or implied, in the presence of a third person, may not be given in evidence against *417 him, under tbe same rules, as bis admissions to other persons. We cannot see that any rule of public policy is. thereby violated. Conversations between husband and wife, or admissions made by either to the other, in the presence of a third person, do not belong to that class of privileged communications between the husband and wife, which, upon grounds of public policy, and to preserve the happiness of the married state, are so carefully protected by the well established rules of evidence.
The declarations and acts of the husband, in the presence of the wife, may always be shown in evidence against him; yet it might, and frequently would be, impossible to show the meaning or application of the declaration or act, without proving the statement of the wife, by way of inducement or explanation of the declaration or act of the husband; and, as has been already stated, the statements of the wife, in the presence of the husband, are not admissible for any other purpose. If, in this case, the wife of the defendant stated, in the presence of her husband and the witness, that the note in question had been paid, it is competent for the plaintiff to show that, the defendant responded, and, explicitly, or by his silent acquiescence, impliedly admitted the truth of the statement.
But, in all cases, the force and effect of an admission must, of course, depend upon the circumstances under which it is made. Under some circumstances, it must be regarded as evidence of the most convincing hind; in others it may be of very little force, and in others entitled to no consideration whatever.
*418 In order that a party may be affected by the statement of another, on the ground of his implied admission of its truth by his silent acquiescence, it must distinctly appear that he heard and fully understood such statement; 3 Phillips on Ev., note, 191.
In 1 Greenleaf on Ev., 199, it is said: “Nothing can be more dangerous than this kind of evidence. It should always be received with caution, and never ought to be received at all, unless the evidence is of direct declarations of that kind which naturally calls for contradiction. It may be impertinent, and best rebuked by silence.” “If the declarations are those of third persons, the circumstances must be such as called on the party to interfere, or, at least, such as would not render it impertinent in him to do so.” In this case, it is insisted, that it would have been improper, on the part of the husband, to have interfered and contradicted the statement of his wife, and, from this consideration, chose to remain silent, without intending to admit the truth of the statement. This may, or may not, be true. The condition and relations of the parties, together with all the alleged implied admissions, must be considered of by the jury, under proper instructions from the Court, in determining, 1st, Whether any admission, either explicit or implied, has • been made. 2d, What effect, if any, is due to such admission after it is shown to have been made.
The judgment of the Circuit Court will be reversed, and the cause remanded.